IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                   No. CR 10-2570 JB

JAVIER RIVAS-MEDINA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed October 19, 2010 (Doc. 10). The Court held a sentencing hearing on October 26, 2010. The primary issue is whether the Court should sentence Defendant Javier Rivas-Medina to the low end of the applicable advisory sentencing guideline range, and waive all fines and penalties. Because the Court concludes, after balancing all the factors set forth in 18 U.S.C. § 3553(a), that a sentence of 6 months accurately, fully, and effectively embodies each of those factors, the Court will grant Rivas-Medina's request for a sentence at the low end of the appropriate advisory sentencing guideline range. The Court will also not impose a fine or a special assessment fee.

**PROCEDURAL BACKGROUND**

Rivas-Medina pled guilty to re-entry of a removed alien. See Non-Standard Fast Track Plea Agreement at 2, filed September 9, 2009 (Doc. 16)("Plea Agreement"). Following his plea, and in anticipation of final sentencing, the United States Probation Office prepared and provided to Rivas-Medina's attorney a Presentence Investigation Report ("PSR"). Rivas-Medina's attorney reviewed the PSR with Rivas-Medina. Rivas-Medina has submitted a Sentencing Memorandum to assist the

Court. See Sentencing Memorandum, filed October 19, 2010 (Doc. 18). In his Sentencing Memorandum, Rivas-Medina raises neither factual objection or legal argument, but asks the Court to sentence him to an advisory guideline sentence at the low end of the range -- specifically, 6 months -- and to waive all fines and penalties. See Sentencing Memorandum at 1.

At the hearing on October 26, 2010, counsel for Rivas-Medina stated that he previously underestimated the applicable guidelines sentence and asked the Court to "deviate" downwards from the advisory guidelines sentence. See Transcript of Hearing at 4:1-13 (taken October 26, 2010)(Baiamonte)("Tr.").[1] He asked for a time-served sentence. See Tr. at 4:21-24 (Baiamonte). Plaintiff United States of America opposes any departure or variance. See Tr. at 6:10-21 (Messec). Counsel for the United States, Assistant United States Attorney Paige Messec, stated that, although the United States was bound to ask for the advisory guidelines sentence, the defendant was free within the plea agreement to request a downward variance. See Tr. at 7:21-23 (Messec). The Court was not convinced the Plea Agreement was consistent with rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.[2] See Tr. at 7:24-8:1 (Court). The Plea Agreement states that "[t]he parties

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2] Rule 11(c) of the Federal Rules of Criminal Procedure states:

An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. . . . If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

(A) not bring, or will move to dismiss, other charges;

(B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or

stipulate that the sentence will be within the advisory guideline range," Plea Agreement at 3, but allows the defendant to ask for a downward departure or variance.  The Court asked Ms. Messec to prepare a letter, which the Court will file in the case file for this matter, that indicates whether case law allows such a rule 11(c)(1)(C) agreement -- specifically, an agreement where the parties agree to a specific guideline range and then agree that one of the parties can depart or vary from that range -- and whether this plea agreement is consistent with the language in rule 11(c)(1)(C).  See Tr. at 10:14-11:7 (Court).

## **ANALYSIS**

The Court will sentence Rivas-Medina in the same manner that the District Court for the District of New Mexico has been dealing with Non-Standard Fast Track Plea Agreements, and so will consider Rivas-Medina's request for a downward variance as permitted under the Federal Rules of Criminal Procedure.  The Court has carefully considered the PSR and Rivas-Medina's circumstances.  In arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  The Court is not convinced, given the number of convictions that Rivas-Medina has for driving under the influence and driving while intoxicated ("DWI") -- specifically five misdemeanor convictions -- that Rivas-Medina's criminal history is overstated or that a downward variance is

---

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(emphasis added).

appropriate.  The Court has also carefully considered the factors set forth in 18 U.S.C. § 3553(a), and believes that a sentence at the low end of the advisory guideline range is appropriate.  The Court believes that a sentence at the low end of the guidelines range -- a sentence of 6 months -- reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.  The Court believes that, because of Rivas-Medina's five DWIs, it is necessary to protect the public.  A guidelines sentence at the low end of the range reflects each of the factors embodied in 18 U.S.C. § 3553(a).  And while the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes a sentence of 6 months is reasonable and that the sentence is sufficient without being greater than is necessary to comply with the purposes of punishment set forth this Sentencing Reform Act.  The Court commits Rivas-Medina to the custody of the Bureau of Prisons for a term of 6 months.  Because of the length of the imprisonment term, the Court will exercise its discretion not to place Rivas-Medina on supervised release.  Based on Rivas-Medina's lack of financial resources, the Court will not impose a fine.  Based on the United States' willingness to waive the special assessment fee, the Court will not require the defendant to pay a special assessment of $100 which is normally due immediately.

**IT IS ORDERED** that the requests in the Defendant's Sentencing Memorandum, filed October 19, 2010 (Doc. 10) are granted, but his oral request for a variance or departure from the applicable advisory guidelines sentence is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Paige Messec
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

James P. Baiamonte
Albuquerque, New Mexico

    *Attorney for the Defendant*